**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terry Shaimek Tyler, Appellant.

Appellate Case No. 2021-001316

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-195
Submitted May 1, 2025 – Filed June 11, 2025

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————

**PER CURIAM:** Terry Shaimek Tyler, a juvenile offender, appeals his aggregate sentence of sixty years' imprisonment imposed by the plea court after Tyler pled guilty to first-degree criminal sexual conduct (CSC), possession of a weapon

during the commission of a violent crime, kidnapping, armed robbery, grand larceny of a value $10,000 or more, and possession of a handgun by a person under the age of eighteen. On appeal, Tyler argues his sentence constitutes a de facto life sentence without the possibility of parole (LWOP), which violates the Eighth Amendment of the United States Constitution and Article 1, Section 15 of the South Carolina Constitution's prohibition of cruel and unusual punishment. We affirm pursuant to Rule 220(b), SCACR.

We hold the plea court did not abuse its discretion by sentencing Tyler to an aggregate sentence of sixty years' imprisonment because his sentence is not an unconstitutional de facto life sentence.[1] *See State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) (stating when considering whether a sentence constitutes cruel and unusual punishment, "this court will not disturb the [plea] court's findings absent a manifest abuse of discretion"). First, although Tyler relies on *State v. Kimbrough*[2] in support of his contention that a term-of-years sentence must not exceed the defendant's life expectancy, the circumstances of *Kimbrough* are distinguishable from the facts at hand. *See id.* at 357, 46 S.E.2d at 277 ("[O]nly under rare and unusual circumstances will [an appellate court] interfere with the discretion of the [plea court] in the imposition of a sentence."). In *Kimbrough*, our supreme court found a defendant's sentence of thirty years' imprisonment for a burglary conviction was a rare instance to set aside the sentence because the court essentially had disregarded the jury's special verdict recommending the defendant to the mercy of the court. *See id.* at 356-58, 46 S.E.2d at 276-77. Here, there was no such special verdict of mercy, and further, Tyler pled guilty to multiple offenses. Moreover, the court in *Kimbrough* did not prohibit a sentence from exceeding a defendant's life expectancy, it acknowledged that a man of advanced years receiving the minimum sentence may practically be receiving the equivalent of life imprisonment and thus there was "no hard and fast rule" that could be used by the court when considering the recommendation to mercy. *See id.* at 355-56, 46 S.E.2d at 276. Second, Tyler asks this court to extend the Supreme Court's holding

---

[1] Following his guilty pleas, the plea court sentenced Tyler to thirty years' imprisonment for first-degree CSC, five years' imprisonment for possession of a weapon during the commission of a violent crime, thirty years' imprisonment for kidnapping, thirty years' imprisonment for armed robbery, ten years' imprisonment for grand larceny, and five years' imprisonment for unlawful possession of a handgun. The plea court ran Tyler's CSC and armed robbery sentences consecutively and ran his remaining sentences concurrently, for an aggregate sentence of sixty years' imprisonment.

[2] 212 S.C. 348, 46 S.E.2d 273 (1948).

in *Graham v. Florida*[3] to non-LWOP juvenile life sentences, but we hold his term-of-years sentence does not fall within the class of sentences contemplated in *Graham*. *See id.* at 82 (holding the Eighth Amendment prohibited the imposition of an LWOP sentence on a juvenile offender for a nonhomicidal crime). Moreover, our courts have declined to extend Eighth Amendment protections beyond those set by the Supreme Court. *See State v. Slocumb*, 426 S.C. 297, 314-15, 827 S.E.2d 148, 157 (2019) (declining to expand the holding of *Graham* because "[n]either *Graham* nor the Eighth Amendment, as interpreted by the [United States] Supreme Court, currently prohibits the imposition of aggregate sentences for multiple offenses amounting to a *de facto* life sentence on a juvenile nonhomicide offender"); *Finley*, 427 S.C. at 427-28, 831 S.E.2d at162 (stating our appellate "court's review is confined by the parameters established by the United States Supreme Court"). Finally, although Tyler asserts the broader language used in the South Carolina Constitution expands the protections of the Eighth Amendment, our supreme court has previously noted "that the United States Supreme Court effectively treats the 'and,' as an 'or' in their Eighth Amendment analysis." *State v. Wilson*, 306 S.C. 498, 512, 413 S.E.2d 19, 27 (1992). Further, South Carolina courts have "used the Supreme Court of the United States' analysis of the Eighth Amendment as a guide to interpreting article I, section 15." *See Owens v. Stirling*, 443 S.C. 246, 266, 904 S.E.2d 580, 590 (2024), *reh'g denied* (Aug. 16, 2024). Thus, we hold Tyler's sentence does not violate the United States or South Carolina Constitutions.

**AFFIRMED.**[4]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[3] 560 U.S. 48 (2010).
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.